IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**PEDRO GOMEZ-GENAO,** \*
   Petitioner, \*
                          \*
      v.                      \*    CIVIL NO. 02-2369 (SEC)
                          \*    Criminal No. 99-163 (SEC)
                          \*
**UNITED STATES OF AMERICA,** \*
   Respondent. \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **ORDER**

Before the Court is Petitioner's "Application for Certificate of Appealability Pursuant to 28 U.S.C. §2253" **(Docket No. 11)**, from this Court's dismissal of his habeas corpus petition. **(Docket Nos. 9, 10)**. For the reasons set forth below, Petitioner's request **(Docket No. 11)** is **DENIED**.

## **I. BACKGROUND**

Petitioner Pedro Gómez-Genao filed a pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2255 **(Docket No. 1)**. On September 14, 2004 the Court dismissed the Petition. **(Docket Nos. 9, 10)**. Petitioner now seeks to appeal the Court's order dismissing his Petition.

## **II. LEGAL STANDARD**

Petitioner has filed an Application for a Certificate of Appealability. As part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), to appeal a final order in a habeas corpus proceeding under section 2255 a defendant must first obtain a certificate of appealability (hereinafter, referred to as "C.O.A.") from a district or circuit court judge. 28 U.S.C. §2253(c)(1)(B). In addition, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a C.O.A. is issued under 28 U.S.C. §2253. The C.O.A. may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." In other words, a petitioner establishes a "substantial showing" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

CIVIL NO. 02-2369 (SEC) Page 2

### III. ANALYSIS

Having reviewed the application for certificate of appealability, the Court finds that it should be denied. First, this Court concluded in its Opinion and Order of September 14, 2004 that Petitioner's Indictment is this case set forth the essential elements of the alleged offense with sufficient particularity to satisfy Fed.R.Crim.P. 7(c), which provides in pertinent part that an indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged."

Second, Petitioner's <u>Apprendi</u>- type claim that the Court failed to instruct the jury on the drug quantity charged on the indictment was not raised on appeal, nor did he show cause for failing to raise the issue and prejudice resulting therefrom. Nevertheless, there was no <u>Apprendi</u> violation with respect to Count One of the Superseding Indictment because not only were the drug type and quantity charged in the Indictment, but also they properly submitted to the jury. Further, even if Petitioner had not defaulted his <u>Apprendi</u> claim and his <u>Apprendi</u> claim was legitimate, <u>Apprendi</u> does not apply retroactively on collateral review.

Finally, this Court found that Petitioner did not support his contention that his counsel was ineffective. Petitioner's ineffective assistance of counsel claim was even considered and rejected by the First Circuit. <u>United States v. Gómez-Genao</u>, 267 F.3d 1, 3 (1st Cir. 2001).

As previously stated, in order for this Court to certify his appeal, petitioner must make "a substantial showing of the denial of a constitutional right." Petitioner fails to raise any arguments in support of his motion for the issuance of a certificate of appealability. Therefore, the Court cannot issue a certificate of appealability. Reasonable jurists would not find this conclusion unreasonable.

For the reasons set forth in our Opinion and Order of September 14, 2004, Petitioner's request for a certificate of appealability **(Docket No. 11)** is **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of May, 2005.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge